IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

BRIAN KEITH ARDWIN                                                                                           PLAINTIFF

v.                                          Civil No. 4:23-CV-04089-SOH-CDC

CAPTAIN TRACEY SMITH, Little River County Detention Center (LRCDC);
and JAIL ADMINISTRATOR GINA BUTLER, LRCDC;                               DEFENDANTS

## **ORDER**

Plaintiff Brian Keith Ardwin, a prisoner, has filed this civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that the defendants delayed or denied him medical care in violation of his constitutional rights while detained at the Little River County Detention Center ("LRCDC"). Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP"). (ECF No. 3). This matter is before the Court on Plaintiff's Motion to Dismiss claim two of his Amended Complaint against Defendants Butler and Smith. (ECF No. 37).[1] Defendants have filed no response.

## **DISCUSSION**

Plaintiff's Amended Complaint asserts two claims for relief under 42 U.S.C. § 1983. (ECF No. 8). First, Plaintiff says that while he was detained at the LRCDC, he repeatedly requested his seizure medication from June 27, 2023, to July 31, 2023, but Defendants Tracey Smith, Gina Butler, and Bobby Walraven made no effort to obtain his medication until after he suffered a seizure, which caused him to urinate on himself and resulted in a naval hernia. *Id.* Second, Plaintiff claims that Defendants Smith and Butler ignored two different dental referrals from two different providers on July 30, 2022, and August 2, 2023. *Id.* Plaintiff says that pain medication

---

[1] Plaintiff has also filed a Motion to Lift Stay of Discovery. (ECF No. 38). That Motion will be addressed separately.

and antibiotics were ordered only after he filed grievances informing the defendants that he was experiencing pain. *Id.*

The Court previously granted Plaintiff's unopposed motion to dismiss Defendant Walraven as a defendant to this action. (ECF No. 29). In response to the Court's order directing the Defendants to either file a motion for summary judgment on the issue of whether Plaintiff first exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) or promptly file a notice informing the Court and parties that they did not intend to pursue such a defense at trial, Defendants filed a motion for summary judgment as to Plaintiff's claims against Defendant Butler. (ECF No. 32). Plaintiff did not oppose this motion. (ECF No. 36). This Court has therefore recommended that Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies with respect to Defendant Butler be granted and that the claims against her be dismissed without prejudice.

In the present Motion, Plaintiff now requests "to dismiss the delay of medical treatment concerning the dental appointments alleged against defendants Gina Butler and Tracey Smith in claim 2 of complaint #4:23-CV-04089-SOH-BAB." (ECF No. 37). The Defendants have filed no response. This Court, therefore, assumes that they have no objection to Plaintiff's Motion to Dismiss. *See* Local Rule 7.2(f).

Thus, this Court hereby **GRANTS** Plaintiff's unopposed motion, (ECF No. 37), to voluntarily dismiss claim two of this action. Plaintiff's claim against Defendant Smith for her purported delay in providing Plaintiff with proper dental care (claim two) is therefore **DISMISSED WITHOUT PREJUDICE**.[2] Plaintiff's claim against Defendant Smith in her

---

[2] It was previously recommended that claims against Defendant Gina Butler be dismissed without prejudice.

2

official and individual capacities for failure to provide Plaintiff with proper medical care for his seizure conditions (claim one) remains pending.

**IT IS SO ORDERED.**

DATED this 11th day of July 2024.

*/s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE